UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DAVID ROBINSON, JR.,

                        Plaintiff,
-against-

MICHAEL BLOOMBERG, Mayor, NYC;
RAYMOND KELLY, Commissioner, NYPD;
ANDREA EVANS, Chairwoman, NYS Division of
Parole; NEW YORK CITY POLICE DEPARTMENT;
NEW YORK STATE DIVISION OF PAROLE;
CITY OF NEW YORK; STATE OF NEW YORK;
CARL ROBINSON, Detective, 100th Pct.;
CHERYL ROBINSON, Government Agent;
HOLLIS RUSH, Government Agent; TOM DAVIS,
Government Agent; and RAYMOND TERRY, Jr.,
Government Agent, in their individual and official
capacities,

                        Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E
★ MAY 18 2012
BROOKLYN O

**MEMORANDUM AND ORDER**

12-CV-2178 (SLT) (LB)

**TOWNES, United States District Judge:**

Plaintiff David Robinson, Jr., proceeding *pro se*, brings this civil rights action against the 12 above-captioned defendants, principally alleging that these defendants are subjecting him to unlawful surveillance in retaliation for his bringing a prior lawsuit. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, for the reasons set forth below, the complaint is dismissed. Plaintiff is granted leave to replead within 30 days of the date of this memorandum and order.

## *BACKGROUND*

Since plaintiff's complaint principally alleges First Amendment retaliation in connection with a prior lawsuit, this Court will take judicial notice of facts relating to that action: *Robinson v. State of New York*, N.D.N.Y. Docket No. 09-CV-455 (GLS/RFT) (hereafter, the "Prior

Action"). The following facts are drawn from the complaint in that case (the "Prior Complaint") and from the opinions issued in the Prior Action.

On May 13, 2005, plaintiff was convicted in the Supreme Court of the State of New York, New York County, of criminal possession of a weapon in the second degree in violation of N.Y. Penal Law §265.03 and assault in the third degree in violation of N.Y. Penal Law §120.00 (Prior Complaint at ¶10). State Supreme Court Justice Yates sentenced plaintiff to a determinate term of five years' imprisonment for the weapon offense, and to a concurrent one-year definite term of imprisonment for the assault (*id.*). Since the weapon offense was a felony, Justice Yates also sentenced plaintiff to a statutorily required five-year term of post-release supervision ("PRS") (*id.*)

Justice Yates did not impose any specific conditions with respect to the PRS (*id.*). However, the State Division of Parole ("Parole") subsequently "imposed/forced" conditions on plaintiff (*id.* at ¶11), such as submitting to "home visits" and "drug testing" (*id.* at ¶13). On September 19, 2008, plaintiff submitted an "Official Notice/Request" to George Alexander, who was then the Chairman of Parole, informing him that "his policy of imposing conditions . . . [was] unconstitutional" and "requesting that he honor plaintiff's Constitutional Rights and not impose conditions . . ." (*id.* at ¶12). The Prior Complaint did not allege whether Alexander ever responded.

On March 19, 2009, plaintiff reported to his new parole officer, who imposed new conditions relating to his rights to own, possess or operate a motor vehicle or computer (*id.* at ¶14). When plaintiff refused to agree to these conditions, he was "threatened" by the parole officer and a supervisor, who informed plaintiff that the conditions had been promulgated by

2

their Bureau Chief (*id.*). The parole officer then confiscated plaintiff's "license/state identification" (*id.* at ¶16).

In April 2009, plaintiff commenced the Prior Action in the United States District Court for the Northern District of New York against the State of New York, Parole Chairman Alexander, plaintiff's parole officer, the supervisor and the Bureau Chief, alleging that these defendants violated his Constitutional rights by imposing conditions on his release to parole supervision. The Prior Complaint alleged, *inter alia*, that the defendants had violated (1) the Double Jeopardy Clause of the Fifth Amendment; (2) the Confrontation Clause of the Sixth Amendment; (3) the Eighth Amendment right to be free from cruel and unusual punishment; (4) the Equal Protection Clause of the Fourteenth Amendment; and (5) substantive and procedural due process. In addition, the Prior Complaint alleged that the defendants had conspired to violate plaintiff's rights. The defendants moved for judgment on the pleading pursuant to Fed. R. Civ. P. 12(c) and plaintiff cross-moved for summary judgment pursuant to Fed. R. Civ. P. 56.

In an unpublished 32-page opinion dated March 26, 2010, United States District Judge Gary L. Sharpe denied plaintiff's motion for summary judgment and dismissed most of plaintiff's claims. Judge Sharpe discussed parole at length, noting, among other things, that "a parolee 'possess[es] fewer constitutional rights' than ordinary citizens." *Robinson v. New York State*, No. 1:09-cv-455 (GLS/RFT), slip op. at 11 (N.D.N.Y. Mar. 26, 2010) (quoting *United States v. Polito*, 583 F.2d 48, 54 (2d Cir. 1978)), and that New York law imbued Parole with broad authority to impose conditions of parole. *Id.* at 11-13. In dismissing plaintiff's conspiracy claims, Judge Sharpe stated:

3

> To maintain an action for conspiracy under 42 U.S.C. § 1983, "a plaintiff must demonstrate that a defendant acted in a wilful manner, culminating in an agreement, understanding or 'meeting of the minds,' that violated the plaintiff's rights ... secured by the Constitution or the federal courts." *Malsh v. Austin*, 901 F. Supp. 757, 763 (S.D.N.Y. 1995) (internal quotation marks and citation omitted); *see also Duvall v. Sharp*, 905 F.2d 1188, 1189 (8th Cir. 1990) ("To plead conspiracy, a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." (citation omitted)). "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983).

*Id.* at 27.

On June 22, 2011, Judge Sharpe granted the defendant's motion for summary judgment with respect to plaintiff's remaining claims and dismissed the Prior Action. *Robinson v. New York State*, No. 1:09-cv-455 (GLS/RFT), slip op. (N.D.N.Y. June 22, 2011). Plaintiff promptly appealed to the Second Circuit, where that appeal is still pending.

### *The Instant Complaint*

On May 1, 2012, plaintiff filed this *pro se* action pursuant to 42 U.S.C. §1983. This action names 12 defendants, who can be grouped into three categories. First, plaintiff sues three State defendants: the State of New York, its Division of Parole, and the Chairwoman of Parole, Andrea Evans. Second, plaintiff's complaint names four City defendants: the City of New York and its mayor, Michael Bloomberg, and the New York City Police Department ("NYPD") and its commissioner, Raymond Kelly. Third, plaintiff's complaint also names as defendants five individuals – including plaintiff's brother, Detective Carl Robinson, and plaintiff's sister, Cheryl Robinson – who are alleged to be "government agents."

Plaintiff's complaint (the "Complaint") principally alleges "that Chairwoman Evans/NYS Division of Parole, Mayor Bloomberg/City of New York, Commissioner Raymond Kelly, and the NYPD pledged a covenant to engage in a conspiracy to retaliate" against plaintiff for the Prior Action "by conducting unlawful surveillance." Complaint at ¶17. According to plaintiff, this "campaign of retaliation has been orchestrated by the Evil Empire, commanded by Dark Society (**ILLUMINATI** or whatever you call it)." *Id.* at ¶16 (emphasis in original). The object of the alleged conspiracy is not only to "punish" plaintiff for bringing the Prior Action, but to "hinder his ability to litigate his case," to "orchestrate an illegal incarceration," to "harass," and to "intimidate family and friends." *Id.* at ¶17.

The alleged surveillance takes several forms. First, the Complaint alleges that "[o]ne phase of the conspiracy is to recruit and activate agent provocateurs," including plaintiff's brother and sister and the other three individual defendants. *Id.* at 18. According to the Complaint, "[t]hese agents' objectives are to infiltrate, conduct surveillance, record, defame, provoke, entrap, sabotage, [and] assassinate among other things." *Id.* However, the Complaint does not specify any acts actually performed by these alleged "government agents."

Second, the Complaint "contends that [plaintiff's] residence, computer, cell and residence telephones are being subjected to electronic eaves dropping [*sic*]." *Id.* at ¶19. Plaintiff does not allege the facts that led him to this conclusion. Third, the Complaint alleges that plaintiff is "under 24 hour surveillance by agents who conduct actions that place plaintiffs' [*sic*] safety in danger," *id*, but does not identify any of the agents or specify their "actions."

Indeed, the only specific factual allegations contained in the Complaint does not relate to plaintiff. The Complaint alleges:

5

> During the month of February 2012, it was revealed that the New York City Police Department conducted investigations and surveillance upon Muslims across state lines in New Jersey and upon the Honorable Reverend [sic] Al Sharpton. Mayor Bloomberg publically condoned said actions.

*Id.* at ¶16. However, the Complaint, which alleges that plaintiff resides in Rosedale, New York, does not allege that plaintiff is a Muslim or was subjected to surveillance in the course of this investigation. Rather, the Complaint baldly alleges that "[t]here is no dispute that Mayor Bloomberg, Commissioner Raymond Kelly, and the New York City Police Department practice a policy of investigating anyone, anywhere and especially activist[s] who seek any form of redress [from] . . . New York State and/or New York City . . . ." *Id.* (bracketed material added).

The Complaint alleges three causes of action, all of which are nearly identical. The first cause of action alleges that "defendants conspired to retaliate upon plaintiff . . . in violation of the First, Fifth, Fourteenth Amendments, 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. 241, 242, 1503." The second cause of action alleges that "defendants conspired to conduct unlawful investigation and surveillance upon plaintiff . . . in violation of the Fourth, Fifth, Fourteenth Amendments, 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. 241, 242, 1503." The third cause of action alleges that "defendants conducted a campaign of conspiracy . . . in violation of the Fifth, Fourteenth Amendments, 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. 241, 242, 1503." The Complaint seeks declaratory relief, compensatory damages and punitive damages.

## *DISCUSSION*

Title 28, section 1915(e)(2), of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may

be granted . . . ." To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a pleading states a claim for relief, "'a court must accept as true all [factual] allegations contained in a complaint" but need not accept 'legal conclusions.'" *Halebian v. Berv*, 590 F.3d 195, 203 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must read a *pro se* complaint with "special solicitude," *Routolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), and must interpret it to raise the strongest claims it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). "[U]nless the initial complaint excludes all doubt as to whether plaintiff can allege facts sufficient to state a claim, [the Second Circuit requires] district courts to grant leave to replead to satisfy the dictates of Rule 8 [of the Federal Rules of Civil Procedure]." *See Iwachiw v. New York City Bd. of*

7

*Elections*, 126 Fed. Appx. 27, 28-29 (2d Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Platsky v. C.I.A.*, 953 F.2d 26, 29 (2d Cir.1991)).

In this case, the Complaint is utterly devoid of factual allegations relating to plaintiff. Indeed, aside from the first 15 paragraphs – which identify the parties to the action – the Complaint contains only one non-conclusory allegation, which relates to the NYPD's investigations and surveillance of Muslims in New Jersey. Based on this fact alone, plaintiff asserts that the NYPD, its Commissioner, and Mayor Bloomberg have a "policy of investigating anyone, anywhere . . . who seek[s] any form of redress" not only from the City of New York, but from the State of New York as well. Complaint at ¶16. Since plaintiff's Prior Action named as defendants the State of New York, the then-chairman of the State Division of Parole and three Parole officers, plaintiff assumes that Parole and the current chairwoman of Parole are also part of the "conspiracy." *Id.* at ¶17. The Complaint does not allege any facts whatsoever to substantiate the allegations of this conspiracy.

The Complaint also fails to allege any facts in support of the claim that the individual defendants are "agent provocateurs," recruited and activated by the conspirators. The Complaint does not allege what actions, if any, these individuals have taken in furtherance of their nefarious "objectives." In addition, the Complaint does not allege any facts to support plaintiff's contention that his "residence, computer, . . . and . . . telephones are being subjected to electronic eaves dropping [*sic*]," or that he is under constant physical surveillance. *Id.* at ¶19.

In sum, the Complaint does not contain factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Even if it were conceivable that Mayor Bloomberg, Commissioner Kelly and Chairwoman Evans would take such extraordinary (and expensive) measures to retaliate against plaintiff, whose Prior Action was largely dismissed at a

8

preliminary stage, there is nothing in the Complaint to nudge a plaintiff's claims "across the line from conceivable to plausible." *Id.* at 570. Accordingly, plaintiff's Complaint fails to state a claim on which relief may be granted and the Complaint must be dismissed. *See id.*, 28 U.S.C. §1915(e)(2)(B)(ii).

This Court has serious doubts as to whether plaintiff, if granted leave to replead, would be able to allege facts sufficient to state a claim. Indeed, some of the allegations in the Complaint suggest that plaintiff's claims are frivolous. For example, the Complaint alleges that the "campaign of retaliation" against him and others is "orchestrated by the Evil Empire, commanded by Dark Society (**ILLUMINATI** or whatever you call it)," Complaint at ¶16 (emphasis in original), and that the objectives of the "agent provocateurs" – including plaintiff's own siblings – include entrapment, sabotage and assassination. *Id.* at ¶18. Moreover, this Court is uncertain whether any "surveillance" of which plaintiff has knowledge is related to plaintiff's status as a parolee. However, this Court cannot say that plaintiff's initial complaint excludes all doubt as to whether plaintiff can allege facts sufficient to state a retaliation claim. Accordingly, this Court will grant plaintiff leave to replead. *See Iwachiw*, 126 Fed. Appx. at 28-29; *Platsky*, 953 F.2d at 29.

## *CONCLUSION*

For the reasons set forth above, plaintiff's Complaint fails to state a claim on which relief may be granted and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is, however, granted leave to replead within 30 days of the date of this memorandum and order. Plaintiff's new pleading shall be labeled, "Amended Pleading," and shall contain factual allegations to support his claims of a conspiracy to retaliate against him. Plaintiff is advised that if he fails to file the Amended Complaint within the time allowed or to plead sufficient facts, this action will

be dismissed. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
May 17, 2012